| | | |
|---|---|---|
| **SHERROD BIGGERS**<br>Baltimore, MD | * | IN THE CIRCUIT COURT |
| | * | |
| *Plaintiff* | * | OF MARYLAND FOR |
| | * | BALTIMORE CITY |
| | * | CASE NO. |
| **BALTIMORE POLICE DEPARTMENT** | * | 24-C-21-004530 |
| | * | |
| | * | |
| and | * | |
| **DET. DEREK COLLINS** | * | |
| and | * | |
| **SGT. ANTHONY FAULK** | * | |
| *Defendants* | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Sherrod Biggers, by and through his undersigned attorneys, hereby presents this Complaint and Elects a Jury Trial against Defendants Baltimore Police Department, Detective Derek Collins, and Sergeant Anthony Faulk, and states as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action in the Circuit Court for Baltimore City as this matter presents a controversy that exceeds $75,000 as reflected in Maryland Rule 2-305(b) and consistent with Md. Cts. & Jud. Pro. Code Ann. § 1-501.

2. This Court has subject matter jurisdiction over this case pursuant to Maryland Code Ann., Courts & Judicial Proceeding Article §§ 6-102 through 6-103.

3. Baltimore City is the proper venue for this action pursuant to Maryland Code Ann., Courts & Judicial Proceeding Article §§ 6-201 and 6-202 because Defendants committed the wrongful actions alleged herein in Baltimore City. In addition, Defendants regularly carry on business in Baltimore City.

4. On December 30, 2020, Plaintiffs sent Dana Moore, Baltimore City Solicitor, notice of Plaintiff's claims. A copy of this letter is attached hereto, as Exhibit A.

## PARTIES

5. Plaintiff Sherrod Biggers (hereinafter "Plaintiff") is a resident of Baltimore, Maryland, and at all times relevant herein resided in Baltimore, Maryland.

6. At all times relevant hereto, Defendant Detective Derek Collins (hereinafter "Defendant Collins") was employed with the Baltimore Police Department ("BPD"). Defendant Collins committed the acts and omissions described herein under color of law and within the scope of his employment.

7. Defendant Baltimore Police Department employs or has employed Defendant Collins. It is a "person" within the meaning of 42 U.S.C. 1983.

## FACTUAL BACKGROUND

8. Plaintiff, Detective Sherrod Biggers, has been employed with the BPD for approximately 15 years. During his tenure with the Department, he was assigned to the midnight shift of the Southern District, and then to the Southern District Flex Squad. In 2008, Plaintiff was promoted to a Detective in the Violent Crime Impact Division (VCID).

9. On August 4 2020, Defendant Detective Derek Collins filed an Application of Charges against Plaintiff Detective Sherrod Biggers, charging him with one count of misconduct in office that allegedly occurred over one year prior, on or about February 27, 2019.

10. The sworn Statement of Charges ("SOC") authored by Defendant Collins alleged that in 2019, Plaintiff provided false information to an Assistant State's Attorney ("ASA") in an attempt to persuade her to dismiss a misdemeanor theft charge against a former BPD officer, Vaughn Diggs, so that he could be used as a confidential informant ("CI").

11. The SOC indicate that the ASA later discovered that Vaughn Diggs was a former member of the "highly publicized Gun Trace Task Force (GTTF)… which Detective Biggers failed to disclose to ASA…". The SOC further states, "Detective Biggers and Diggs worked in the same squad when he was employed with BPD."

12. Contrary to the statements contained in the publicly filed SOC, Vaughn Diggs never worked in the well-known and notorious GTTF, nor did Plaintiff. Moreover, as an Internal Affairs detective, Defendant Collins knew or should have known that neither Diggs nor Plaintiff Biggers had ever worked in the GTTF unit. Despite having complete access to the BPD employment roster which would have revealed through a simple investigation that neither Diggs nor Biggers were ever a part of the GTTF, Defendant Collins intentionally withheld this information from the prosecutors and the court commissioner in order to institute and continue judicial proceedings against Plaintiff.

13. As part of the misconduct in office allegation, Defendant Collins noted in the SOC: "It was also revealed that when Detective Sherrod Biggers spoke with ASA Johnston on February 19, 2019, his police powers had been suspended in regards to an unrelated internal investigation." … "Additionally, it was also revealed that Detective Biggers was not conducting any investigations that would necessitate the use of a confidential informant."

14. However, Defendant Collins knew that although Plaintiff was on suspension for an unrelated matter at the relevant time, Plaintiff still possessed police powers and still worked

3

Monday – Friday at the Northeast District where his responsibilities included, but was not limited to: 1) *passing on any CI information to the Drug Unit* that he would still receive since he was assigned to the Intel section; 2) taking and signing police reports; 3) sending out the morning reports (a report that had the previous day's arrests, shootings, or any other Part 1 crime or notable incidents); 4) sending out the District's weekly crime plan; 5) attend weekly Intel and community meetings; 6) assists other officers with processing arrests and/or writing search warrants 7) managing the District's warrant book which consisted of compiling a list of individuals with open warrants in the District; 8) reviewing every officer/supervisor's daily activity sheet to calculate how much time was spent doing COVID related activities; 9) submitting a report Downtown for reimbursement purposes; and 10) listening to jail calls on persons of interest in the District in order to gain intel on gang organizations. Many of these police responsibilities required a level of trustworthiness in Plaintiff. Because of Plaintiff's outstanding police work, even while he was on suspension, Plaintiff was awarded the departmental unit's MVP award for year 2019.

15. Despite Defendant Collins having knowledge that Plaintiff and former Officer Vaughn Diggs never worked in the GTTF Unit, and that part of Plaintiff's job was to communicate CI information to other officers while working in the Drug Intelligence Unit during his suspension, Defendant Collins maliciously and intentionally withheld this crucial information from the prosecutors and the court commissioner in order for criminal charges to be lodged against Plaintiff.

16. Upon information and belief, Defendant Collins made the false claim to the prosecutor's office and the court commissioner that Plaintiff worked in the GTTF Unit.

17. In an attempt to serve Plaintiff with a criminal summons charging him with Misconduct in Office, Plaintiff was summoned by Sgt. Anthony Faulk (Defendant Collins' sergeant) to appear at BPD's Internal Affairs Office at 2524 Kirk Ave. Once he arrived Sgt. Faulk

ordered Plaintiff to wait in a room for approximately 2 hours until he was served with the summons. Plaintiff was detained against his will, as Plaintiff was specifically told that he could not leave the room until he was served.

18. Defendant Collins, Sgt. Faulk, nor any other command staff informed Plaintiff of what he was being charged with while he was forced to wait in a room to be served with the charging documents.

19. Once Plaintiff was ultimately handed the criminal summons, he was instructed not to read the summons until left the building. However, Plaintiff read the charge while he was in the room and stated that the SOC was false.

20. Plaintiff was informed that his police powers were further suspended. In fact, the Director of Public Affairs & Community Outreach of the BPD sent an email to the prosecutor on August 5, 2020, stating that: "…Biggers was charged with the misdemeanor offense under MD State Law. Subsequently, his police powers have been suspended…" (8/5/20 email from Lindsey Eldridge to Steve Kroll). Plaintiff has not returned to work since the day that he was served with the criminal summons.

21. In a malicious attempt to further disparage Plaintiff and inflate the allegations against Plaintiff, Defendant Collins wrote an email to the prosecutor falsely stating: "Also, you should know that after being served yesterday Biggers invited me outside to fight." (8/5/20 email from Detective Collins to Steve Kroll)

22. The criminal proceedings terminated in Plaintiff's favor. Due to a conflict within the Baltimore City State's Attorney Office, Plaintiff's case was transferred to Harford County State's Attorney Albert Peisinger who ultimately *nolle prosequied* after making the determination that there was no evidence to support the charge against Plaintiff. Specifically, he stated in a

Baltimore Sun news article: **"I looked at the facts that were trying to support those allegations and independently made the determination that it did not meet criminality…In my opinion, there was not enough, or no evidence."** (Oct. 23, 2020, Baltimore Sun article by Justin Fenton).

## CAUSES OF ACTION

### COUNT I
### Malicious Prosecution
### (Against Defendant Collins)

23. Each paragraph of this Complaint is incorporated as if fully stated herein.

24. Defendant Collins accused Plaintiff of criminal activity knowing those accusations were without probable cause, and Defendant Collins made statements to prosecutors and court commissioner with the intent of exerting influence and to institute and continue judicial proceedings.

25. Defendant Collins maliciously listed Plaintiff's home address on the SOC which is a publicly filed document. Upon information and belief other police officers' addresses are not published in SOC documents for police officer's and their loved ones' personal safety, among other reasons.

26. Defendant Collins caused Plaintiff to be subjected improperly to judicial proceedings for which there was no probable cause, resulting in Plaintiff's injuries.

27. Defendant Collins intentionally withheld certain facts that would have vitiated probable cause against Plaintiff.

28. Defendant Collins undertook the above-described actions with malicious intent and willful indifference to Plaintiff's clearly established constitutional rights.

29. Plaintiff was also suspended from his employment as a result of Defendant Collins' malicious prosecution.

30. As a direct and proximate result of Defendant Collins malicious prosecution, Plaintiff has suffered and continues to suffer injuries, including but not limited to, Post Traumatic Stress Syndrome ("PTSD"), fear for personal safety, and severe emotional distress.

## COUNT II
### Abuse of Process
### (Against Defendant Collins)

31. Each paragraph of this Complaint is incorporated as if fully stated herein.

32. As above-described, Defendant Collins willfully misused the criminal process against Plaintiff for a purpose different than its intended purpose.

33. Defendant Collins made statements to prosecutors and the court commissioner with the intent of exerting influence and to institute and continue judicial proceedings.

34. Defendant Collins intentionally withheld certain facts that would have vitiated probable cause against Plaintiff.

35. Defendant Collins undertook the above-described actions with malicious intent and willful indifference to Plaintiff's clearly established constitutional rights.

36. Plaintiff was also suspended from his employment as a result of Defendant Collins' malicious prosecution.

37. As a direct and proximate result of Defendant Collins malicious prosecution, Plaintiff has suffered and continues to suffer injuries, including but not limited to, Post Traumatic Stress Syndrome ("PTSD") and severe emotional distress.

## COUNT III
### False Arrest and False Imprisonment
### (Against Defendants Collins and Faulk)

38. Each paragraph of this Complaint is incorporated as if fully stated herein.

7

39. As previously explained, Plaintiff was unlawfully detained and held against his will by Defendant Collins and Sgt. Faulk in a room for over two hours as they waited to serve Plaintiff with criminal charges that were unsupported by probable cause.

40. Plaintiff has suffered and continues to suffer injuries, including but not limited to, Post Traumatic Stress Syndrome ("PTSD") and severe emotional distress as a direct and proximate result of the false arrest and false imprisonment.

## COUNT IV - 42 U.S.C. § 1983
## Violation of Due Process
## (Defendants Collins and Faulk)

41. Each paragraph of this Complaint is incorporated as if fully stated herein.

42. While acting under the color of law, Defendant Collins and Sgt. Faulk violated Plaintiff's due process rights by illegally detaining Plaintiff for approximately two (2) hours before serving him with a criminal summons unsupported by probable cause. Plaintiff was also suspended from his employment as a result of Defendant Collins' malicious prosecution.

43. As a direct and proximate result of Defendant Collins and Sgt. Faulk's malicious prosecution, Plaintiff has suffered and continues to suffer injuries, including but not limited to, Post Traumatic Stress Syndrome ("PTSD") and severe emotional distress.

## COUNT V
## Article 24 of the Maryland Constitution – Declaration of Rights
## (Defendants Collins and Faulk)

44. Each paragraph of this Complaint is incorporated as if fully stated herein.

45. While acting under the color of law, Defendant Collins and Sgt. Faulk violated Plaintiff's due process rights by illegally detaining Plaintiff for approximately two (2) hours before serving him with a criminal summons unsupported by probable cause. Plaintiff was suspended from his employment as a result of Defondant Collins and Sgt. Faulk's malicious prosecution.

46. As a direct and proximate result of Defendant Collins and Sgt. Faulk's malicious prosecution, Plaintiff has suffered and continues to suffer injuries, including but not limited to, Post Traumatic Stress Syndrome ("PTSD") and severe emotional distress.

### COUNT VI
### Indemnification
### (Against Baltimore Police Department)

47. Each paragraph of this Complaint is incorporated as if fully stated herein.

48. Under Maryland law, public entities are directed to pay any tort judgment for which their employees are liable within the scope of their employment.

49. Defendant Collins is an employee of the BPD, who acted within the scope of his employment when committing the actions described herein.

50. Defendant Collins was acting pursuant to the BPD's instruction. Defendant Collins stated in a May 28, 2020 email to the State's Attorney the following: "I wanted to follow up with you in regards to the Sherrod Biggers case. **My command is pushing for me to bring the case to a resolution.**"

51. Accordingly, BPD is required to indemnify any and all of the individual defendants against whom a judgment is entered in this case.

### REQUEST FOR DAMAGES

52. WHEREFORE, Plaintiff Sherrod Biggers requests that this Court enter judgment in Plaintiff's favor and against Defendants Detective Derek Collins, Sergeant Anthony Faulk, and Baltimore Police Department, and award Plaintiff:

   1. Compensatory damages, attorneys' fees, and costs, jointly and severally against each Defendant;

   2. Any and all other relief as this Court deems appropriate.

**JURY DEMAND**

Plaintiff Sherrod Biggers hereby demands a trial by jury on all triable issues.

                                                    Respectfully Submitted,

                                                    */s/ Kenneth Ravenell*

                                                    Kenneth Ravenell, CPF #8501010499
Ravenell Law
711 St. Paul Street
Baltimore, Maryland 21202
PH:  410-878-0705 / F: 410-834-5488
E: kravenell@kravenelllaw.com

                                                    */s/ Tomeka Church*

                                                    Tomeka G. Church, CPF #9612170361
The Law Office of Tomeka G. Church, LLC
711 St. Paul Street
Baltimore, MD 21202
PH: 410-878-0705
E: tchurch@churchlawfirm.com
*Counsel for Plaintiff*